IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


MARGARET A. GOLDEN,                                                                          PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:07CV161-M-A

COMMISSIONER OF SOCIAL SECURITY,                                                 DEFENDANT


**REPORT AND RECOMMENDATION**

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the plaintiff's applications for a period of disability (POD) and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI. The court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1331.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff Margaret Golden was born in 1950 and was 51 years old years old as of her alleged onset date of January 23, 2002. She graduated from college, and her past relevant work was as a sales consultant. (Tr. 292). The plaintiff, then represented by an attorney, filed her applications for disability benefits under Title II and Title XVI of the Social Security Act on February 3, 2004, alleging a disability onset date of January 23, 2002 due to work-related stress issues and severe depression. Plaintiff's requests for benefits were denied at the initial and reconsideration stages, and she sought timely review from an ALJ. In an opinion dated June 28, 2007, the ALJ found the plaintiff was not under a disability and denied her request for benefits.

(Tr. 14 - 21). After consideration, the Appeals Council denied review, and plaintiff, proceeding *pro se,* timely appealed to this court.

The court generally applies less stringent standards to parties proceeding *pro se* than to parties represented by counsel and liberally construe the briefs of *pro se* litigants. *Sanders v. Barnhart*,105 Fed.Appx. 535, 537 (slip op.) (5th Cir. 2004). However, *pro se* litigants must still brief the issues and reasonably comply with the requirements of both the Social Security Act and court rules. *Id.* Although this case has not followed the typical path of a social security appeal[1], the court finds that the plaintiff has complied with applicable requirements and the court has considered the record as a whole in considering this case.

In his decision, the ALJ found that the plaintiff suffered from affective mood disorder which constituted a "severe" impairment under the Act. (Tr. 16). Despite finding the plaintiff suffered from a severe impairment, he determined that this impairment failed to meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16). The ALJ next considered the credibility of the plaintiff's subjective complaints and the effects of her credible limitations on her residual functional capacity [RFC]. (Tr. 16 - 19). The ALJ found that many of the plaintiff's subjective complaints were credible, thus having detrimental effects on functioning, yet she was able to retain most of the essential mental and social abilities necessary to maintain simple work tasks on a full-time basis. (Tr. 19). At step four, the ALJ concluded that the plaintiff retained the RFC to perform work at all exertional levels, but she suffered from

---

[1]The answer and transcript were filed by the defendant after the filing of the defendant's brief due to the Court's Order directing filing of briefs after ruling on the government's motion to dismiss. Although out of order in general, it is acceptable in this case and did not prejudice either parties as their arguments on appeal were already a part of the record.

nonexertional limitations. (Tr. 17). Based on this RFC in combination with her nonexertional limitations, the ALJ determined that the plaintiff was unable to unable to perform her past relevant work but that she was able to perform other work found in significant numbers in the national economy. (Tr. 20). Accordingly, the ALJ determined that the plaintiff was not disabled as defined by the Social Security Act.[2] (Tr. 19).

As noted, the plaintiff's appeal of this case is *pro se*. She filed her appeal on December 15, 2007. The Commissioner filed a motion to dismiss on March 10, 2008, which the court denied in September 2008, giving the plaintiff until October 17, 2008 to file a brief in support of her position and the defendant until November 21, 2008 to submit a brief in response. The parties timely complied with the court's Order. However, the defendant did not an Answer to the plaintiff's complaint or the appeal transcript in this case until July 2009. The undersigned received a portion of the transcript from the plaintiff via CD ROM from the Social Security Administration to the plaintiff filed as Exhibit 2 to her complaint. The transcript was filed at the court's request.

On appeal to this court the plaintiff contends that the ALJ's decision is not supported by substantial evidence. Although the court believes the plaintiff indeed desires medical help, as she stated in her "Statement of Facts," this court's review on appeal and ability to order relief is limited. The defendant has responded that the ALJ gave specific detail regarding his review of all the evidence, provided reasons and full discussion of his decision and made conclusions based on the evidence in the record, and his decision therefore must be affirmed.

## II.   STANDARD OF REVIEW

---

[2]*See* 42 U.S.C. § § 401 *et seq.*, and 42 U.S.C. §§ 1381 *et seq*.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[3] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[4] The steps are:

> 1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.
> 2. An individual who does not have a "severe impairment" will not be found to be disabled.
> 3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.
> 4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.
> 5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Dominguez v. Astrue,* 286 Fed.Appx. 182, 187-188, 2008 WL 2787483, 4 (5th Cir. 2008). In analyzing step five, considering plaintiff's residual functional capacity, age, education and past work experience, the ALJ determines whether she is capable of performing other work.[5] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[6] Under applicable Social Security

---

[3] *See* 20 C.F.R. §§ 404.1520 (1996) & 416.920 (1996).

[4] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[5] 20 C.F.R §§ 404.1520(f)(1) & 416.920(f)(1) (1996).

[6] *Muse*, 925 F.2d at 789.

rules and regulations, the Commissioner has the final responsibility for determining an individual's residual functional capacity ("RFC"), whether that RFC prevents her from doing past relevant work, and ultimately for determining whether she is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1527.

### III. DISCUSSION

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal diligent. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

In this case, the plaintiff asserts that she is disabled due to a depressive disorder. The plaintiff's general argument is simply that she is entitled to Social Security disability benefits. Regardless of the fact that she is proceeding *pro se*, the plaintiff bears the ultimate burden of proof on the issue of disability. *Kraemer v. Sullivan*, 885 F.2d 206, 204 (5th Cir. 1989). The record is replete with medical evidence that establishes the plaintiff has suffered from depression and affective mood disorder. (Tr. 130 - 139, 177 - 178, 153 - 155, 192, 199 - 200, 205 - 209). The ALJ's decision carefully considered the medical evidence, plaintiff's testimony, and the testimony of a vocational expert ("VE"), Lynn Hays, and determined that the plaintiff retained

5

the residual functional capacity to perform work at all exertional levels. He went on to find that she suffered non-exertional limitations, including only being able to maintain attention and concentration for two-hour periods; could understand, remember, and carry out only simple repetitive one- and two-step instructions; and had merely a fair ability to deal with work pressures, deal with changes in a workplace, relate to coworkers, deal with the public, use judgment, and interact with supervisors, the term "fair" ability being defined as a limited but satisfactory ability. (Tr. 17). Based on this RFC, the ALJ determined that the plaintiff was unable to unable to perform her past relevant work but that she was able to perform other work found in significant numbers in the national economy, including as a cafeteria attendant, counter attendant and small parts assembler. (Tr. 20). Consequently, the plaintiff was not disabled as defined by the Act. (Tr. 19).

Review of the record and the parties' briefs shows that several doctors found that the plaintiff had "marked" limitations in functioning due to her mental condition. The ALJ discussed these findings and properly explained that he was not affording them controlling weight as they were inconsistent with the doctors' own treatment notes. (Tr. 19). *See Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005). When deciding whether the ALJ's decision is supported by substantial evidence, the court considers objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam), citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ's detailed discussion of the medical evidence contained in his decision makes it clear that he was familiar with the entirety of both Doctor Griffith's and Dr. Hardy's opinions; he found that

6

contradictions – such as Dr. Griffith's finding that the plaintiff had marked restrictions in concentration, persistence and pace, which was contrary to Dr. Griffith's releasing the plaintiff to return to work in March 2003 – provided a basis for not deferring to their opinions. (Tr. 177-78). *See also* 20 C.F.R. § 404.1527(d)(3 - 4). Where it is clear that, as here, the ALJ carefully and properly considered the medical evidence as a whole, including the opinions of treating and consultative opinions, he may reject treating source opinions in light of such contradictions; in such a case, the opinion is considered to be supported by substantial evidence. The plaintiff's argument must fail.

## IV. CONCLUSION

Based on the RFC as determined by the ALJ after careful consideration of the medical evidence, testimony of the plaintiff and a VE at the hearing, and in accordance with applicable regulations and procedures, the ALJ correctly determined that the plaintiff was unable to return to her past work but that there existed work in significant number the national economy which the plaintiff could perform. This determination was based on substantial evidence and should be affirmed.

The parties are referred to 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

7

court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this the 5th day of August, 2009.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE